IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UROVANT SCIENCES GMBH and<br>SUMITOMO PHARMA AMERICA, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>MSN LABORATORIES PRIVATE LIMITED,<br>MSN PHARMACEUTICALS INC., and<br>MSN ORGANICS PRIVATE LIMITED,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   C.A. No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Urovant Sciences GmbH ("Urovant") and Sumitomo Pharma America, Inc. ("SMPA") (collectively, "Plaintiffs"), by and through their attorneys, for their Complaint against Defendants MSN Laboratories Private Limited ("MSN Labs"), MSN Pharmaceuticals Inc. ("MSN Pharma"), and MSN Organics Private Limited ("MSN Organics") (collectively, "MSN" or "Defendants"), allege as follows:

**NATURE OF THE ACTION**

1. This is a civil action for patent infringement of U.S. Patent No. 12,102,638 ("the '638 patent" or "the patent-in-suit") arising under the United States Patent Laws, Title 35, United States Code, § 100, *et seq.*, and in particular under 35 U.S.C. § 271, as well as the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202. This action relates to MSN's filing of Abbreviated New Drug Application ("ANDA") No. 220285 under 21 U.S.C. § 355(j), seeking United States Food and Drug Administration ("FDA") approval to manufacture, use, import, offer to sell, and/or sell in the United States vibegron tablets, 75 mg ("MSN's Generic Product"), which is a generic version of Plaintiffs' GEMTESA® (vibegron), before the expiration of the patent-in-suit.

## THE PARTIES

2. Urovant is a Switzerland limited liability company having its principal place of business at Aeschengraben 27, 4051 Basel, Switzerland.

3. SMPA is a corporation operating and existing under the laws of the State of Delaware, with its principal place of business at 84 Waterford Drive, Marlborough, Massachusetts 01752.

4. Plaintiffs are in the business of developing innovative treatments, science, and technology to address patient needs in the critical areas of oncology, women's health, urology, rare disease, neurology & psychiatry, and cell & gene therapies. The patent-in-suit covers GEMTESA®, which is marketed and sold by SMPA in this judicial district and throughout the United States for the treatment of overactive bladder ("OAB") with symptoms of urge urinary incontinence, urgency, and urinary frequency in adults, and in adult males on pharmacological therapy for benign prostatic hyperplasia ("BPH").

5. On information and belief, MSN Labs is a private limited company organized and existing under the laws of India, with its principal place of business at MSN House, Plot No. C-24, Sanath Nagar Industrial Estate, Sanathnagar, Hyderabad, Telangana, India, 500018.

6. On information and belief, MSN Pharma is a corporation organized and existing under the laws of Delaware, with its principal place of business at 20 Duke Road, Piscataway, Edison, NJ 08854.

7. On information and belief, MSN Pharma is a wholly-owned subsidiary of MSN Labs.

8. On information and belief, MSN Organics is a private limited company organized and existing under the laws of India, with its principal place of business at MSN House, Plot No. C-24, Sanath Nagar Industrial Estate, Sanathnagar, Hyderabad, Telangana, India, 500018.

9. On information and belief, MSN Organics is a subsidiary of MSN Labs.

10. On information and belief, MSN Labs, MSN Pharma, and MSN Organics, in coordination with each other or at the direction of MSN Labs, are in the business of, among other things, manufacturing, marketing, distributing, importing for sale, and /or selling generic copies of branded pharmaceutical products throughout the United States, including in the State of Delaware.

11. On information and belief, and consistent with their practice with respect to other generic products, following FDA approval of ANDA No. 220285, MSN will make, use, offer to sell, and/or sell MSN's Generic Product throughout the United States, including the State of Delaware, and/or import such generic products into the United States, including into the State of Delaware.

## JURISDICTION AND VENUE

12. Plaintiffs incorporate by reference the prior paragraphs of this Complaint as if fully set forth herein.

13. This is a civil action for patent infringement and declaratory judgment arising under the patent laws of the United States, 35 U.S.C. § 100, *et seq.*, including 35 U.S.C. § 271, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

14. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

15.     This Court has personal jurisdiction over MSN Labs, *inter alia*, under Federal Rule of Civil Procedure 4(k)(1) or (k)(2), because MSN Labs is a foreign corporation and: (a) MSN Labs is subject to the general jurisdiction of the laws of Delaware; and (b) to the extent that MSN Labs is not subject to personal jurisdiction in the courts of any state, Plaintiffs' claims arise under federal law and MSN Labs has sufficient contacts with the United States as a whole, including but not limited to marketing and/or selling generic pharmaceutical products that are distributed and sold throughout the United States, such that this Court's exercise of jurisdiction over MSN Labs satisfies due process.

16.     This Court also has personal jurisdiction over MSN Labs because, on information and belief, MSN Labs is in the business of manufacturing, marketing, importing and selling pharmaceutical drug products, including generic drug products, throughout the United States, including in Delaware. On information and belief, MSN Labs directly or indirectly develops, manufactures, markets, and sells generic drugs throughout the United States and in this judicial district. On information and belief, MSN Labs purposefully has conducted and continues to conduct business in this judicial district, and this judicial district is a likely destination of MSN's generic products.

17.     This Court also has personal jurisdiction over MSN Labs because, *inter alia*, it has availed itself of this forum previously for the purpose of litigating a patent dispute. For example, MSN Labs has previously invoked this Court's jurisdiction by asserting counterclaims. *See, e.g.*, *Novartis Pharms. Corp. v. MSN Labs. Private Ltd. et al*, C.A. No. 25-081 (D. Del. Jan. 17, 2025), *SK Biopharmaceuticals Co., Ltd. v. MSN Pharms. Inc. et al*, C.A. No. 24-1270 (D. Del. Nov. 19, 2024), *Allergan Holdings Unlimited Co. et al v. MSN Labs. Private Ltd. et al*, C.A. No. 24-1187 (D. Del. Oct. 23, 2024), *Vanda Pharms. Inc. v. MSN Pharms. Inc. et al*, C.A. No. 24-815

4

(D. Del. July 12, 2024), and *Pfizer Inc. et al v. MSN Labs. Private Ltd. et al*, C.A. No. 24-624 (D. Del. May 23, 2024).

18. On information and belief, MSN Labs, either directly or indirectly, currently sells significant quantities of generic drug products in the United States and in this judicial district. MSN Labs's website, https://www.msnlabs.com/who-we-are.html (accessed Apr. 2, 2025), states that MSN Labs "has Fifteen API and Six finished dosage facilities established across India & USA." MSN Labs's website, https://www.msnlabs.com/our-achievements.html (accessed Apr. 2, 2025), states that it has "455 US" DMFs and "30+ first-to-launch generics." MSN Labs's website, https://www.msnlabs.com/ (accessed Apr. 2, 2025), also states that it has "170+ ANDAs" and "50+ first to file ANDA's."

19. This Court has personal jurisdiction over MSN Pharma. MSN Pharma is incorporated in the State of Delaware.

20. Additionally, on information and belief, MSN Pharma is in the business of manufacturing, marketing, importing, and selling pharmaceutical drug products, including generic drug products throughout the United States, including in the State of Delaware. On information and belief, MSN Pharma directly or indirectly develops, manufactures, markets, and sells generic drugs throughout the United States and in this judicial district. On information and belief, MSN Pharma purposefully has conducted and continues to conduct business in this judicial district, and this judicial district is a likely destination of MSN's generic products.

21. This Court also has personal jurisdiction over MSN Pharma because, *inter alia*, it has availed itself of this forum previously for the purpose of litigating a patent dispute. For example, MSN Pharma has previously invoked this Court's jurisdiction by asserting counterclaims. *See, e.g.*, *Novartis Pharms. Corp. v. MSN Labs. Private Ltd. et al*, C.A. No. 25-081

5

(D. Del. Jan. 17, 2025), *SK Biopharmaceuticals Co., Ltd. v. MSN Pharms. Inc. et al*, C.A. No. 24-1270 (D. Del. Nov. 19, 2024), *Allergan Holdings Unlimited Co. et al v. MSN Labs. Private Ltd. et al*, C.A. No. 24-1187 (D. Del. Oct. 23, 2024), *Vanda Pharms. Inc. v. MSN Pharms. Inc. et al*, C.A. No. 24-815 (D. Del. July 12, 2024), and *Pfizer Inc. et al v. MSN Labs. Private Ltd. et al*, C.A. No. 24-624 (D. Del. May 23, 2024).

22. On information and belief, MSN Pharma, either directly or indirectly, currently manufactures and/or sells significant quantities of generic drug products in the United States and in this judicial district. MSN Pharma's website, https://msnpi.com/ (accessed Apr. 2, 2025), states that MSN Pharma has a "finished dosage manufacturing facility" and specializes in the "manufacturing of high-quality generic pharmaceutical products."

23. On information and belief, MSN Pharma is a generic pharmaceutical company that, in coordination with or at the direction of MSN Labs, develops, manufactures, markets, imports, and distributes generic pharmaceutical products for sale in the State of Delaware and throughout the United States.

24. On information and belief, and consistent with its role with respect to other of MSN Labs's products, MSN Pharma is the U.S. Agent for ANDA No. 220285.

25. This Court has personal jurisdiction over MSN Organics, *inter alia*, under Federal Rule of Civil Procedure 4(k)(1) or (k)(2), because MSN Organics is a foreign corporation and: (a) MSN Organics is subject to the general jurisdiction of the laws of Delaware; and (b) to the extent that MSN Organics is not subject to personal jurisdiction in the courts of any state, Plaintiffs' claims arise under federal law and MSN Organics has sufficient contacts with the United States as a whole, including but not limited to marketing and/or selling generic pharmaceutical products that

are distributed and sold throughout the United States, such that this Court's exercise of jurisdiction over MSN Organics satisfies due process.

26.     This Court also has personal jurisdiction over MSN Organics because, on information and belief, MSN Organics is in the business of manufacturing, marketing, importing, and selling pharmaceutical drug products, including generic drug products, throughout the United States, including in Delaware. On information and belief, MSN Organics directly or indirectly develops, manufactures, markets and sells generic drugs throughout the United States and in this judicial district. On information and belief, MSN Organics purposefully has conducted and continues to conduct business in this judicial district, and this judicial district is a likely destination of MSN's generic products.

27.     On information and belief, MSN Organics is the holder of FDA Drug Master File ("DMF") No. 40304 for vibegron.

28.     On information and belief, MSN Organics is a generic pharmaceutical company that, in coordination with or at the direction of MSN Labs, develops, manufactures, markets, imports, and distributes generic pharmaceutical products for sale in the State of Delaware and throughout the United States.

29.     On information and belief, MSN Labs and MSN Organics share one or more common corporate directors. *See* https://www.zaubacorp.com/MSN-LABORATORIES-PRIVATE-LIMITED-U24239TG2003PTC041583 (accessed Apr. 2, 2025), and https://www.zaubacorp.com/MSN-ORGANICS-PRIVATE-LIMITED-U24110TG2006PTC051858 (accessed Apr. 2, 2025).

30.     On information and belief, Defendants are part of the MSN Group. The MSN Labs website states "MSN Group is the fastest growing research-based pharmaceutical company based

out of India. Founded in 2003 with a mission to make health care affordable, this Hyderabad-based venture has Fifteen API and Six finished dosage facilities established across India & USA." https://www.msnlabs.com/who-we-are.html (accessed Apr. 2, 2025); *see also* https://www.msnlabs.com/img/press/2021/Cabolong_23_September_2021.pdf, at 2 (accessed Apr. 2, 2025) ("MSN Group is the fastest growing research-based and vertically integrated pharmaceutical company headquartered in Hyderabad, India."). The same website states that "MSN Laboratories has fourteen API facilities" (https://www.msnlabs.com/api.html (accessed Apr. 2, 2025)) and lists MSN Organics as a contact under "API Facilities" (https://www.msnlabs.com/contact.html (API Facilities list) (accessed Apr. 2, 2025)). MSN Pharma's website states that MSN Pharma "develops and manufacture[s] products for MSN group" (https://msnpi.com/ (accessed Apr. 2, 2025)), and MSN Pharma is listed as a contact under "America" on the MSN Labs website (https://www.msnlabs.com/contact.html (America list) (accessed Apr. 2, 2025)).

31.     On information and belief, Defendants hold themselves out as a unitary entity and operate as a single integrated business with respect to the regulatory approval, manufacturing, marketing, sale, and distribution of generic pharmaceutical products throughout the United States, including in this judicial district.

32.     On information and belief, MSN Labs, MSN Pharma, and MSN Organics have thus been, and continue to be, joint and prime actors in the drafting, submission, approval, and maintenance of ANDA No. 220285 and intend to benefit from the ANDA.

33.     On information and belief, and consistent with their practice with respect to other generic products, following FDA approval of ANDA No. 220285, MSN will market, distribute,

and sell MSN's Generic Product described in ANDA No. 220285 throughout the United States, including in Delaware.

34. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b), as to MSN Labs, because MSN Labs is incorporated in India and may be sued in any judicial district in the United States.

35. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b), as to MSN Pharma, because MSN Pharma is incorporated in the State of Delaware.

36. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b), as to MSN Organics, because MSN Organics is incorporated in India and may be sued in any judicial district in the United States.

## FACTUAL BACKGROUND

### The NDA

37. Urovant is the holder of New Drug Application ("NDA") No. 213006 for GEMTESA® (vibegron) tablets in a strength of 75 mg.

38. The FDA approved NDA No. 213006 on December 23, 2020.

39. GEMTESA® is a prescription drug approved for the treatment of overactive bladder ("OAB") with symptoms of urge urinary incontinence, urgency, and urinary frequency in adults, and OAB with symptoms of urge urinary incontinence, urgency, and urinary frequency in adult males on pharmacological therapy for benign prostatic hyperplasia ("BPH"). Vibegron is the active ingredient in GEMTESA®.

### The Patent-in-Suit

40. United States Patent No. 12,102,638 ("the '638 patent"), titled "Use of Vibegron to Treat Overactive Bladder," was duly and legally issued by the United States Patent and

Trademark Office ("USPTO") on October 1, 2024. A true and correct copy of the '638 patent is attached as Exhibit A.

41. Urovant Sciences GmbH owns the '638 patent.

42. The '638 patent currently expires on March 22, 2040, by virtue of 655 days of patent term adjustment granted to the '638 patent under 35 U.S.C. § 154(b). A true and correct copy of the patent term adjustment is attached as Exhibit B.

43. The '638 patent is listed in Approved Drug Products With Therapeutic Equivalence Evaluations ("the FDA Orange Book") in connection with NDA No. 213006 for GEMTESA®.

## The ANDA

44. On information and belief, MSN submitted ANDA No. 220285 with the FDA under 21 U.S.C. § 355(j) to obtain FDA approval to manufacture, use, import, offer for sale, and/or sell in the United States vibegron tablets, 75 mg (defined above as "MSN's Generic Product"), which is a generic version of Urovant's GEMTESA® (vibegron) tablets.

45. Plaintiffs received a letter sent by MSN, dated February 19, 2025, purporting to be a "Notice of Paragraph IV Certification, vibegron tablets, 75 mg" for an ANDA ("MSN's Notice Letter"), pursuant to § 505(j)(2)(B) of the Federal Food, Drug and Cosmetic Act and 21 C.F.R. § 314.95. MSN's Notice Letter identified MSN's ANDA as ANDA No. 220285.

46. On information and belief, the entity identified as MSN Laboratories Pvt. Ltd. in MSN's Notice Letter is the same entity MSN Laboratories Private Limited registered in India and having CIN U24239TG2003PTC041583.

47. MSN's Notice Letter includes an enclosure purporting to be a "Detailed Statement of the Factual and Legal Bases for MSN Pharmaceutical Inc.'s Opinion that United States Patent No. 12,102,638 is Invalid, Unenforceable and/or Will Not Be Infringed."

48. MSN's Notice Letter asserts that MSN has filed ANDA No. 220285 seeking "to obtain approval to engage in the commercial manufacture, use, or sale of the drug before the expiration date of United States Patent No. 12,102,638."

49. MSN's Notice Letter asserts that "MSN has submitted a certification pursuant to 21 U.S.C. § 355(j)(2)(B)(vii)(IV)" and that "U.S. Patent No. 12,102,638 is invalid, unenforceable and/or will not be infringed by the manufacture, use, or sale of the product for which the application is submitted."

50. Plaintiffs commenced this action within 45 days of receiving MSN's Notice Letter.

## COUNT I
## (INFRINGEMENT OF THE '638 PATENT)

51. Plaintiffs incorporate by reference the prior paragraphs of this Complaint as if fully set forth herein.

52. On information and belief, MSN filed ANDA No. 220285 seeking approval to manufacture, use, import, offer to sell, and/or sell MSN's Generic Product in the United States before the expiration of the '638 patent.

53. On information and belief, MSN filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) and 21 C.F.R. § 314.94(a)(12)(i)(A)(4), a certification alleging that the claims of the '638 patent are purportedly invalid, unenforceable, and/or will not be infringed.

54. On information and belief, MSN does not contest infringement of at least one claim of the '638 patent because MSN's Notice Letter did not provide non-infringement allegations addressing indirect infringement for multiple claims.

55. On information and belief, in its ANDA No. 220285, MSN has represented to the FDA that MSN's Generic Product is pharmaceutically and therapeutically equivalent to Plaintiffs' GEMTESA®.

56. MSN has had actual knowledge of the '638 patent, at least as of the date of MSN's Notice Letter.

57. On information and belief, if ANDA No. 220285 is approved, MSN intends to and will manufacture, use, import, offer to sell, and/or sell MSN's Generic Product in the United States.

58. Under 35 U.S.C. § 271(e)(2)(A), the submission to the FDA of ANDA No. 220285 seeking approval to manufacture, use, import, offer to sell, or sell MSN's Generic Product before the expiration date of the '638 patent constitutes infringement, either literally or under the doctrine of equivalents.

59. On information and belief, if ANDA No. 220285 is approved, MSN will infringe one or more claims of the '638 patent, including at least claim 1, either literally or under the doctrine of equivalents under § 271(a), by making, using, offering to sell, selling, and/or importing MSN's Generic Product, and/or by actively inducing infringement by others under § 271(b), and/or contributing to infringement under § 271(c), unless this Court orders that the effective date of any FDA approval of ANDA No. 220285 shall be no earlier than the expiration of the '638 patent and any additional periods of exclusivity to which Plaintiffs are or become entitled.

60. On information and belief, MSN knows and intends that healthcare professionals will prescribe, and patients will take, MSN's Generic Product for which approval is sought in

ANDA No. 220285, and therefore will infringe at least one claim of the '638 patent, including at least claim 1, either literally or under the doctrine of equivalents.

61. On information and belief, MSN has knowledge of the '638 patent and, by its proposed package insert for MSN's Generic Product, will knowingly induce direct infringement of at least one claim of the '638 patent, including at least claim 1, either literally or under the doctrine of equivalents.

62. On information and belief, MSN is aware and/or has knowledge that its proposed package insert will recommend, suggest, encourage, and/or instruct others how to engage in an infringing use because healthcare professionals and/or patients will use MSN's Generic Product according to the instructions in the proposed package insert in a way that directly infringes at least one claim of the '638 patent, including at least claim 1.

63. On information and belief, MSN has had and continues to have knowledge that MSN's Generic Product constitutes a material part of the invention and is especially adapted for a use that infringes at least one claim of the '638 patent, including at least claim 1.

64. On information and belief, MSN has had and continues to have knowledge that MSN's Generic Product is not a staple article or commodity of commerce suitable for substantial non-infringing use for at least one claim of the '638 patent, including at least claim 1.

65. On information and belief, MSN's actions relating to MSN's ANDA No. 220285 complained of herein were done by and for the benefit of MSN.

66. A substantial and justiciable controversy exists between the parties as to the infringement of the '638 patent.

67. Pursuant to 28 U.S.C. § 2201, Plaintiffs are entitled to a declaratory judgment that MSN's making, using, offering to sell, selling, and/or importing of the ANDA Product,

inducement thereof or contribution thereto, will infringe the '638 patent's asserted claims pursuant to 35 U.S.C. §§ 271(a), (b), and/or (c).

68.     On information and belief, MSN acted, and upon FDA approval of ANDA No. 220285, will act, without a reasonable basis for believing that it would not be liable for directly and/or indirectly infringing the '638 patent. This is an exceptional case.

69.     Plaintiffs will be irreparably harmed by MSN's infringing activities unless this Court enjoins those activities.

70.     Pursuant to 35 U.S.C. § 283, Plaintiffs are entitled to a permanent injunction against further infringement.

71.     Plaintiffs do not have an adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

A.     The entry of judgment under 35 U.S.C. § 271(e)(2)(A) that MSN has infringed at least one claim of the '638 patent through MSN's submission of ANDA No. 220285 to the FDA to obtain approval to manufacture, use, import, offer to sell, and/or sell MSN's Generic Product in the United States before the expiration of the '638 patent;

B.     The entry of judgment under 35 U.S.C. § 271(a), (b), and/or (c) that MSN's making, using, offering to sell, selling, or importing of MSN's Generic Product before the expiration of the '638 patent, including any extensions and/or additional periods of exclusivity to which Plaintiffs are or become entitled, will infringe, actively induce infringement, and/or contribute to the infringement of at least one claim of the '638 patent under 35 U.S.C. § 271(a), (b), and/or (c);

C.     The entry of judgment that the claims of the '638 patent are not invalid;

  D. The issuance of an order that the effective date of any FDA approval of MSN's Generic Product shall be no earlier than the expiration date of the '638 patent including any extensions and/or additional periods of exclusivity to which Plaintiffs are or become entitled, or any such later date as the Court may determine, in accordance with 35 U.S.C. § 271(e)(4)(A);

  E. The entry of a preliminary and/or permanent injunction, enjoining MSN and all persons and entities acting in concert with MSN from manufacturing, using, offering for sale, or selling MSN's Generic Product within the United States, or importing MSN's Generic Product into the United States, until the expiration of the '638 patent including any extensions and/or additional periods of exclusivity to which Plaintiffs are or become entitled, in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

  F. The entry of a preliminary and/or permanent injunction, enjoining MSN and all persons and entities acting in concert with MSN from seeking, obtaining, or maintaining approval of the ANDA until the expiration of the '638 patent including any extensions and/or additional periods of exclusivity to which Plaintiffs are or become entitled, in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

  G. The issuance of a declaration that this is an exceptional case and an award to Plaintiffs of their costs, expenses, and disbursements in this action, including reasonable attorney fees, pursuant to 35 U.S.C. §§ 285 and 271(e)(4);

  H. An award to Plaintiffs of any further appropriate relief under 35 U.S.C. § 271(e)(4); and

  I. An award to Plaintiffs of any further and additional relief that this Court deems just and proper.

OF COUNSEL:

James B. Monroe
Paul W. Browning, Ph.D.
Emily R. Gabranski
Jeanette M. Roorda
Emma N. Ng
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC 20001-4413
(202) 408-4000

David De Lorenzi
Christopher Strate
GIBBONS P.C.
One Gateway Center
Newark, NJ 07102
(973) 596-4500

April 3, 2025

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Karen Jacobs

_____
Karen Jacobs (#2881)
Rodger D. Smith II (#3778)
Jennifer Ying (#5550)
Lucinda C. Cucuzzella (#3491)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
kjacobs@morrisnichols.com
rsmith@morrisnichols.com
jying@morrisnichols.com
ccucuzzella@morrisnichols.com

*Attorneys for Plaintiffs Urovant Sciences GmbH and Sumitomo Pharma America, Inc.*